**TUILEPA TUILEATA (TELESIA) FIAME and PALE FE`A (for the TUILEATA FAMILY), Plaintiffs,**

**v.**

**TUIOLEMOTU FAMILY and DOES I through X, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 11-02

March 27, 2002

Before RICHMOND, Associate Justice, LOGOAI, Chief Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiffs, Jeffrey Waller
 For Defendants, Aitofele Sunia

## PRELIMINARY INJUNCTION

On March 19, 2002, plaintiffs Tuilepa Tuileata (Telesia) Faime and Pale Fe`a for the Tuileata family ("Tuileata family")[1] filed this action to enjoin defendant Tuiolemotu Family ("Tuiolemotu family") from excavation, construction, or work of any kind on, and from other uses of, land owned by the Tuileata family, known as Olovalu, in the Village of Malaeloa. The Court denied the Tuileata family's application for a temporary restraining order, but we issued an order to show cause for a hearing the family's request for a preliminary injunction. The hearing was held on March 26, 2002. Both counsel were present.

In this action, the Tuileata family seeks injunctive relief in a controversy involving communal land claimed by both the Tuileata family and the Tuiolemotu family. Presently, neither family has a *sa`o* in office. When the sa`o's position is vacant, an action for injunctive relief concerning communal land must, under A.S.C.A. § 43.1309(b), be brought by at least two blood male *matai* members of the family, over age 18, or if the family does not have such members, by at least two blood members, over age 18. Apparently, the two named plaintiffs qualify to bring this action under the last alternative, but it is not entirely clear that the Tuileata family lacks at least two adult blood male *matai* members. The Tuiolemotu family did not, however, challenge compliance with the qualification statute, and for present purposes at least, we accept the named plaintiffs' qualifications. Though not free of doubt, we find the named plaintiffs qualified for immediate purposes in the absence of definitive contrary evidence.

In addition, pursuant to A.S.C.A. § 43.0302, the Secretary of Samoan Affairs must issue a certificate of irreconcilable dispute, following at least two appearances by the parties for dispute resolution

---

[1] The third named plaintiff in the complaint, Fe`afe`aga Tauama II, advised the court, through the Tuileata Family's counsel, at the beginning of the order to show cause hearing on March 26, 2002, that he was withdrawing from this action.

proceedings, before this Court has jurisdiction to judicially determine the dispute. At the time the complaint was filed, one appearance had taken place, but the second meeting had not yet been scheduled. Resolution was not achieved at the first meeting before the Secretary, and when the Tuiolemotu family continued to carry on the activities at issue on the land, the Tuileata family brought this action. In accordance with A.S.C.A. § 43.0304, we can, under these circumstances, issue an interim order, such as a preliminary injunction, when such action is appropriate, but stay further proceedings unrelated to the necessary interim action until the jurisdictional certificate of irreconcilable dispute is issued. *Tupua v. Faleafine*, 5 A.S.R.2d 131, 133 (Land & Titles Div. 1986).

The Tuiolemotu family's immediate activates, particularly the cinder excavation, are resulting in irreparable injury to the land before a trial can be fairly held on whether a permanent injunction should issue. The Tuiolemotu family does not contest this fact. Thus, one of the two criteria forming the basis for a preliminary injunction is met. A.S.C.A. § 43.1301(j) (2).

The second criterion, a substantial likelihood that the Tuileata family will prevail at trial on the merits, A.S.C.A. § 43.1301(j)(1), is not so readily apparent. As requested by the parties, however, we have examined the files of several previous cases before this court concerning the titles to portions of Olovalu.

The file in *Tuileata Family v. Amituana`i*, 4 A.S.R.2d 168 (Land & Titles Div. 1987), *aff'd* 8 A.S.R.2d 173 (App. Div. 1988), is especially significant for present purposes. The trial court's decision in that case determined the ownership of most of Olovalu. However, in light of overlapping claimed areas, the decision left the area where the cinder pit is apparently located open to the parties' negotiated settlement of their respective boundaries in this area. There is no follow through regarding these negotiations of record in the file. Moreover, when comparing the decision with the surveys on file, both the defining boundaries of Olovalu as a whole and the exact location and sizes of the awarded Tuileata and Tuiolemotu family lands are not entirely clear to us.

■ It appears, therefore, that ownership of the land now at issue is an open issue, and the Tuileata family has made a sufficient factual showing a good chance of prevailing on the merits. If a preliminary injunction applicant demonstrates a legitimate issue to litigate with more deliberate consideration, the criterion of likely success on the merits at trial is sufficiently met. *Samoa Aviation, Inc. v. Bendall*, 28 A.S.R.2d 101, 103-104 (Trial Div. 1985).

Accordingly, we will issue the following preliminary injunction.

## Order

1. During the pendency of this action, the Tuiolemotu family, its family members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from all new construction of any kind and further excavation of cinders or other natural materials on the portion of Olovalu claimed by the Tuileata family as its communal land.

2. A hearing is scheduled on April 8, 2002, at 9:00 a.m. for the purpose of clearly defining the exact land area affected by this preliminary injunction. The parties shall come to this hearing prepared to show this area on existing surveys as precisely as is presently possible.

3. Further proceedings in this action, except as may be related to this order or other necessary interim orders, are stayed pending compliance with A.S.C.A. § 43.0302 (a).

It is so ordered.

